IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-39-F

| | |
|---|---|
| REGINALD D. McMILLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY (METLIFE), GENERAL )<br>ELECTRIC (GE), and THE GE LONG )<br>TERM DISABILITY PLAN, )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court on motions to dismiss filed by Defendants Metropolitan Life Insurance Company ("MetLife") [DE-26] and General Electric ("GE") and The General Electric Long Term Disability Plan ("GE LTDP") [DE-31], as well as a myriad of motions filed by Plaintiff Reginald McMillan [DE-39, -44 to -48, -54]. For the reasons stated herein, the defendants' motions to dismiss are ALLOWED and the plaintiff's motions are DENIED.

**RELEVANT BACKGROUND**

The court takes judicial notice of the plaintiff's previous suit, No. 7:09-CV-160-FL, filed against GE, MetLife, and the GE Disability Benefits Center under the Americans with Disabilities Act of 1990 ("ADA"). *See Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no

disputed issue of fact." (citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).[1] The facts underlying that suit are in relevant part identical to those underlying the current lawsuit. The district court, in granting the defendants' previous motions to dismiss, concisely articulated those facts as follows:

> Plaintiff states that he was employed by GE from April 1, 1986, until July 2, 2003, but stopped working after being diagnosed with bilateral carpal tunnel syndrome and chronic left wrist pain. According to plaintiff, he was forced by defendants to leave work and take short-term disability leave. Although plaintiff attempted to return to work after being cleared by his attending physician, defendants would not allow him to do so.
> 
> Plaintiff further alleges that on or about April 30, 2004, he received a letter from defendants regarding upcoming changes to his long-term disability plan. Specifically, plaintiff was advised that the definition of disability would be changing. Defendants informed plaintiff that he could continue to receive payments only so long as he was "totally disabled" under the plan. Plaintiff informed defendants that he was not claiming to be disabled, but rather wished to return to work. Defendants, however, told plaintiff that he must be cleared by a doctor to return to work. According to plaintiff, but unbeknownst to him at the time, his doctor had completed a "Physician's Statement Form" on June 7, 2004, in which his doctor opined that plaintiff could return to work with no restrictions. Plaintiff claims that defendants received this form, but continued to rebuff plaintiff's attempts to return to work.

*McMillan I* [DE-84] at 2. The district court dismissed the complaint based (1) on the untimeliness of the Equal Employment Opportunity Commission ("EEOC") charge, and (2) on MetLife not constituting the plaintiff's "employer" under the ADA. *Id.* at 5-9. The plaintiff moved for and was denied a new trial [DE-86, -88, -90], and appealed to the United States Court of Appeals for the Fourth Circuit [DE-92]. The Court of Appeals dismissed his appeal as untimely [DE-98]. Now, nearly three years later, the plaintiff has sued again, this time under the Employee Retirement Income Security Act ("ERISA"). The GE Long Term Disability Plan has replaced the GE Disability Benefits Center as a defendant, but the parties and facts have otherwise remained the same.

---

[1] The court will refer to case number 7:09-CV-160-FL as *McMillan I*.

## DISCUSSION

Given the procedural and factual posture of this case in relation to *McMillan I*, the doctrine of res judicata appears to bar the present suit. "Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews*, 201 F.3d at 524 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Because the plaintiff brought his first suit against these parties in federal court, the federal rules of res judicata apply. *Id.* Those rules state that a party may establish a res judicata defense where it can show (1) "an identity of parties or their privies in the two suits," (2) "an identity of the cause of action" in the two suits, and (3) "a final judgment on the merits in a prior suit." *Id.* (quoting *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997)) (internal quotation marks omitted).

### 1. Identity of Parties or their Privies

The plaintiff and two of the defendants are identical in both *McMillan I* and the present lawsuit. Only the GE LTDP is new, and the court must evaluate whether it has privity with a previous party. "[Privity] is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." *Nash Cnty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 494 (4th Cir. 1981) (quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir. 1950) (Goodrich, J., concurring)). Privity "designates (for res judicata purposes) a person so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Nash Cnty.*, 640 F.2d at 493 (quoting *Jefferson Sch. of Soc. Sci. v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C. Cir. 1963)).

GE, according to the plaintiff's own complaint, is the "Administrator" and "Sponsor" of the GE LTDP as well as the plaintiff's former employer. *See* Amend [sic] Original ERISA Complaint [DE-14] ¶¶ 7, 13. MetLife is the designated plan administrator. *Id.* ¶ 8. The court finds that these relationships place the plan in privity with GE and MetLife. In reaching this conclusion, the court finds the facts and reasoning of *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 897 (8th Cir. 2005), to be analogous and persuasive.

In *Daley*, the plaintiff filed two separate complaints alleging, in part, breach of fiduciary duty under ERISA. *Id.* at 891. The first complaint named the Marriott Health Plan (the plan) and Empire Blue Cross/Blue Shield (a third party administrator) as defendants. *Id.* The second complaint named Marriott International, Inc. (the employer, plan sponsor, and administrator), as the defendant. *Id.* The first suit ended in summary judgment for the named defendants, and Marriott subsequently moved to dismiss the second suit based on res judicata. *Id.* Marriott's motion was granted. *Id.* In affirming the district court, the Court of Appeals for the Eighth Circuit found that privity existed between the Marriott Health Plan, as the plan, and Marriott, as the plan sponsor, administrator, and employer. *Id.* at 897.

Here, GE, as employer and plan sponsor, and MetLife, as plan administrator, were both named defendants in *McMillan I*. Those roles place them in privity of interest with the GE LTDP, and thus identity of parties exists for the purposes of res judicata.

### 2.    Identity of the Cause of Action

Where a cause of action "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment," those causes of action are identical for purposes of res judicata. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). Indeed, "[n]ewly articulated claims based on the same [transactional] nucleus of facts may still be subject

to a res judicata finding if the claims could have been brought in the earlier action." *Id.* (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)) (internal quotation marks omitted) (addition in original).

Here, the plaintiff had the same facts available to him at the time of both lawsuits. His claims are rooted in the same transactional nucleus of facts, namely that he (1) received disability benefits, (2) desired to return to work, (3) was told that he could not return to work because he was still disabled, and (4) was allegedly deceived as to his actual disability status and ability to return to work. Because the plaintiff's causes of action in both lawsuits derive from this same nucleus of fact, and because the plaintiff could have brought his ERISA claim at the time he filed his complaint in *McMillan I*, the second element of res judicata is met.

### 3. Final Judgment on the Merits

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, other than for lack of jurisdiction, improper venue, or failure to join a party, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Andrews*, 201 F.3d at 524 n.2 (treating dismissal under Rule 12(b)(6) as a final judgment on the merits and applying res judicata).

On September 20, 2010, the court issued an order granting the defendants' motions to dismiss. *See McMillan I* [DE-84]. The court entered judgment the following day. *See id.* [DE-85]. The case was not dismissed because of a lack of jurisdiction, improper venue, or failure to join a party, but because (1) the EEOC charge was not timely filed, and (2) the court found that MetLife was not the plaintiff's "employer" for purposes of the ADA. *See McMillan I* [DE-84] at 5-9. The court also addressed the plaintiff's allegations of concealment and fraud. *See id.* at 8.[2] That judgment was a final judgment on the merits

---

[2] The court's findings as to concealment and fraud are summarized in this excerpt:

Because there is an identity of parties and of claims between the present suit and *McMillan I*, and because the court issued a final judgment on the merits in *McMillan I*, the doctrine of res judicata bars the plaintiff's present claims.[3]

## CONCLUSION

For the foregoing reasons, the motions to dismiss filed by MetLife [DE-26] and GE and the GE LTDP [DE-31] are ALLOWED. The plaintiff's following motions are denied as moot: Motion Requesting the Court to Deny All Defendants [sic] Motions to Dismiss [DE-39], Motions for an Order for Judgment in Favor of the Plaintiff [DE-44, -46, -47], Motion to Strike with Sanctions [DE-45], Motion to Compel [DE-48], and Motion for Summary Judgment [DE-54]. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 17 day of December, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

Based on these facts, there is no suggestion that GE's alleged misconduct somehow concealed the cause of action from plaintiff or induced him to fail to timely file suit, and any conclusion to the contrary would be difficult to reconcile with the fact that plaintiff's untimely EEOC charge was nevertheless filed before plaintiff alleges he discovered defendants' misconduct. It appears instead that plaintiff was aware (or should have been aware) of his cause of action in 2004, and that he discovered what he believes to be a "smoking gun" in 2008.

*Id.*

[3] Because the present claims are barred in their entirety by res judicata, the court declines to address the defendants' other arguments. Furthermore, insofar as the plaintiff argues that the defendants violated Rule 5 of the Federal Rules of Civil Procedure, the court cannot find such a violation nor can the court determine how such a violation would save the plaintiff's claims from res judicata.